**FILED**
CLERK, U.S. DISTRICT COURT

08/02/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>LUIS A. ROMERO,<br>　aka "Luis A. Romero-Navarette,"<br>　aka "Luis A. Romero-Navarrete,"<br><br>　　　　Defendant. | No. 8:24-cr-00098-FWS<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |

　　　The United States Attorney charges:

[18 U.S.C. § 1343]

A.　INTRODUCTORY ALLEGATIONS

　　　At times relevant to this Information:

　　　1.　Defendant LUIS A. ROMERO, also known as ("aka") "Luis A. Romero-Navarette," aka "Luis A. Romero-Navarrete," operated Zera Financial LLC ("Zera Financial") located in Westminster, California.

2. Through a public website, mobile application, Instagram account, and word of mouth, defendant ROMERO touted Zera Financial as a "unique financial provider" that helps investors "acquire healthy financial growth through the accumulation of savings."

3. Defendant ROMERO offered investors the opportunity to deposit money with Zera Financial, promised a 3% fixed monthly return, and represented that investors could withdraw their returns at any time.

B. THE SCHEME TO DEFRAUD

4. Beginning in or around January 2021 and continuing until at least in or around August 2023, in Orange County, within the Central District of California, and elsewhere, defendant ROMERO, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain money and property from investors of Zera Financial by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5. The fraudulent scheme operated, in substance, as follows:

    a. Defendant ROMERO, through Zera Financial, solicited investors to deposit money with Zera Financial, promising a fixed monthly return.

    b. Defendant ROMERO told investors that their investments were fully secured by the Federal Deposit Insurance Corporation ("FDIC") and, even if Zera Financial collapsed, investors would receive their initial investment from the FDIC.

   c. In reality, Zera Financial was not insured by the FDIC and defendant ROMERO paid returns using other investor funds in a Ponzi-like fashion.

 6. Based on the fraudulent scheme above, defendant ROMERO caused approximately 86 investors to lose over $1 million.

C. <u>THE USE OF AN INTERSTATE WIRE</u>

 7. On or about January 26, 2023, in Orange County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant ROMERO caused the transmission of $35,000 from victim investor N.V.G.'s Charles Schwab account to Zera Financial's U.S. Bank account located in Irvine, California for an investment in Zera Financial. This fund transfer was processed through two data centers located in New Jersey and Texas.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

          E. MARTIN ESTRADA
          United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

ANNE C. GANNON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office